# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS SEAN BODWAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1334-AGF |
| BRENDA MALLARD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's pro se complaint [Doc. #1], motion for leave to proceed in forma pauperis [Doc. #2], and motion for appointment of counsel [Doc. #3]. The Court is unable to grant Plaintiff in forma pauperis status at this time, because he has failed to submit a certified copy of his inmate account statement. Because Plaintiff is proceeding pro se, the Court will afford him additional time in which to file his certified inmate account statement. Moreover, for the following reasons, the Court will deny Plaintiff's motion for counsel and will instruct him to file an amended complaint or complaints on a Court-provided form in accordance with the instructions set forth below.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Workhouse, brings this 42 U.S.C. § 1983 action for several alleged constitutional violations, including a lack of medical care, inadequate prison conditions, and excessive use of force in the context of his arrest. Named as defendants are Brenda Mallard (Corizon Medical Service Physician), Dr. Unknown Siddiqqui (Psychiatrist), L. Edwards (Superintendent), Unknown Baker (City of St. Louis Police Officer), and John Doe (City of St. Louis Police Officer).

Counts I and II allege claims of deliberate indifference to Plaintiff's serious needs, asserting that the medications he is receiving for pain (Count I against Mallard) and psychiatric issues (Count II against Siddiqqui), are inadequate. Count III alleges that the two police officers used excessive use of force on July 12, 2015, following a domestic dispute at Plaintiff's fiancée's residence, and that false criminal charges were subsequently brought against him, and that excessive bail was set. Count IV alleges that the conditions of his confinement are inhumane, citing such matters as being placed in a cell for five days with no running water, the denial of outside recreation, unsafe premises, deplorable food, no access to a law library, no grievance procedure, raw sewage on dorm floors, and overcrowding,

## Discussion

The Court has reviewed the complaint under 28 U.S.C. § 1915 and believes that, although Plaintiff may be able to assert claims based on the denial of his Constitutional rights, he has improperly joined in this one law suit all five defendants and his numerous claims against them.

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving several unrelated claims against, not one, but five defendants. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. *See id.* (stating that the district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit numerous claims against different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Because Plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint in this action. In so doing, Plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed. R. Civ. P. 18(a).[1]

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, Plaintiff must set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," Plaintiff must start by typing the first defendant's name, and under that name, he must set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that

---

[1] If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, Plaintiff must file each such claim(s) on a separate complaint form and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis.

particular defendant violated. If Plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. Plaintiff is instructed not to attach any exhibits to the amended complaint.

The amended complaint must contain short and plain statements showing that Plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If Plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing Plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

**Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id.* **Plaintiff must include in the amended complaint each and every claim he wishes to pursue in this action; however, Plaintiff may not advance**

**claims on behalf of other inmates. If Plaintiff wishes to sue defendants in their individual capacities, he must specifically say so in the amended complaint.**

Last, Plaintiff has filed a motion for appointment of counsel [Doc. #3] on the ground that he has no knowledge of the law and no access to a law library. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it is evident that Plaintiff is able to present his claims. Consequently, the motion will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, **on or before December 14, 2015**, Plaintiff shall submit a certified inmate account statement for the six-month period immediately preceding the filing of this action, as well as an amended complaint on a Court-provided form, in accordance with the explicit instructions set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to Plaintiff three blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Memorandum and Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 9th day of November, 2015.

*Audrey G. Fleissig*
**UNITED STATES DISTRICT JUDGE**